UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GAMAL A. HILTON,

      Petitioner,

v.                                                       Case Number: 07-CV-14415
                                                        Honorable Lawrence P. Zatkoff

JOHN PRELESNIK,

      Respondent,

_____/

## OPINION AND ORDER
## (1) DENYING PETITIONER'S SECOND MOTION FOR AN EVIDENTIARY HEARING (DKT. # 19) AND (2) DENYING PETITIONER'S MOTION FOR SUMMARY JUDGMENT AS MOOT (DKT. # 16)

      Before the Court are Petitioner Gamal A. Hilton's second "Motion for Evidentiary Hearing" (dkt. # 19) and "Motion for Summary Judgment" (dkt. # 16). For the reasons stated below, Petitioner's second motion for an evidentiary hearing is denied without prejudice, and his motion for summary judgment is denied as moot.

      If a habeas petition is not dismissed at a previous stage in the proceeding, the judge, after the answer and the transcript and record of state-court proceedings are filed, shall, upon a review of those proceedings and of the expanded record, if any, determine whether an evidentiary hearing is required. If it appears that an evidentiary hearing is not required, the judge shall make such disposition of the petition as justice shall require. 28 U.S.C. foll. § 2254, Rule 8(a); *Hence v. Smith*, 49 F. Supp. 2d 547, 549 (E.D. Mich. 1999) (Gadola, J.). It is within the district court's

discretion to determine whether a habeas petitioner is entitled to an evidentiary hearing. *Brofford v. Marshall*, 751 F.2d 845, 853 (6th Cir. 1985). An evidentiary hearing is not required where the record is complete or if the petition raises only legal claims that can be resolved without the taking of additional evidence. *Ellis v. Lynaugh*, 873 F. 2d 830, 840 (5th Cir. 1989); *United States v. Sanders*, 3 F. Supp. 2d 554, 560 (M.D. Pa. 1998).

In this case, the motion for an evidentiary hearing will be denied without prejudice because the Court has not yet had the opportunity to review the necessary Rule 5 materials (the state-court record). Therefore, the Court is unable to determine whether an evidentiary hearing on Petitioner's claims is needed. After a careful review of those materials, the Court will then determine whether an evidentiary hearing is necessary to resolve Petitioner's claims.

Regarding Petitioner's motion for summary judgment (dkt. # 16), to the extent that Petitioner is requesting that this Court hold Respondent in default for failing to file certain Rule 5 materials, the Court denies that request. On February 5, 2009, Respondent filed an answer to the Court's order compelling the production of certain transcripts, stating that he is attempting to obtain all necessary Rule 5 materials. On that basis, the Court finds that Respondent is diligently attempting to locate all necessary transcripts in this case. Furthermore, a default judgment is generally unavailable in a habeas-corpus proceeding on the ground that government officials failed to file a timely response to the petition, including the production of the necessary Rule 5 materials. *See, e.g.*, *Allen v. Perini*, 424 F.2d 134, 138 (6th Cir. 1970).

Accordingly, the Court **DENIES** Petitioner's second "Motion for Evidentiary Hearing" (dkt. # 19). The Court will reconsider Petitioner's motion if, after a careful review of the necessary Rule 5 materials, the Court determines that an evidentiary hearing is necessary.

Additionally, for the reasons stated above, the Court denies Petitioner's "Motion for Summary Judgment" as moot (dkt. # 16).

      **IT IS SO ORDERED**.

                                      s/Lawrence P. Zatkoff
                                      LAWRENCE P. ZATKOFF
                                      UNITED STATES DISTRICT JUDGE

Dated:  February 10, 2009

## CERTIFICATE OF SERVICE

      The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on February 10, 2009.

                                      s/Marie E. Verlinde
                                      Case Manager
                                      (810) 984-3290